## Knappenberger, Appellant, *v*. Fairchild.

*Deed—Covenant running with land—Notice.*

Where the owner of a city lot executes and delivers to the owner of an adjoining lot an agreement by which he gives the latter the right to insert beams in a wall which the former was about to build, and this agreement is expressly made a covenant running with the land, the owner of the first lot cannot, ten years afterwards, and as against the grantee of the owner of the second lot who has taken title without notice of the agreement, declare the agreement void because of a failure of consideration.

Argued Oct. 10, 1904. Appeal, No. 109, Oct. T., 1904, by plaintiff, from judgment of C. P. Westmoreland Co., Aug. T., 1903, No. 330, on verdict for defendant in case of Darwin T.

Knappenberger v. John W. Fairchild.  Before MITCHELL, C. J.,
DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMP-
SON, JJ.  Affirmed.

Trespass to recover damages for injury to a wall.  Before
DOTY, P. J.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.  Plaintiff appealed.

*Error assigned* was in giving binding instructions for de-
fendant.

*Chas. C. Crowell*, with him *Edw. B. McCormick*, for appel-
lant.

*W. C. Peoples*, with him *D. S. Atkinson*, for appellee, cited:
Howard v. Turner, 155 Pa. 349.

OPINION BY MR. JUSTICE MESTREZAT, December 31, 1904:

The appellant, the plaintiff below, seeks to reverse the judg-
ment of the trial court on two grounds: (1) The agreement of
May 23, 1893, between Knappenberger and George W. Gump
had no legal existence as Gump had neither title to, nor pos-
session of, lot No. 95, and hence could not grant the right to
occupy and use the strip along the easterly side of it; and (2)
it was incumbent on the defendant Fairchild, Gump's grantee,
to show that he had notice of the existence of the agreement
before it had become the duty of Knappenberger to notify him
of its nullity.

1. At the time the agreement was executed on May 23, 1893,
by Gump and Knappenberger the former claimed to be, and the
agreement between the parties recites that he was, the owner
of the undivided one half of the lot.  The partition proceed-
ings in equity, which are in evidence in the case, show Gump's
title to the undivided half of the lot.  The bill, filed on May 6,
1903, averred that in 1889 Gump purchased an undivided one-
half interest in the premises and was the owner thereof, which
facts the answer of the respondents admitted.  On the day the
bill was filed the court entered a decree that it be taken as
confessed and " that partition be made of the estate in ques-
tion so that the said plaintiff (George W. Gump), his heirs

and assigns, should have and enjoy in severalty the equal one half moiety thereof." It is clear, therefore, that Gump was the owner of the undivided one half of the lot of ground, and was so recognized by Knappenberger at the time he and Gump entered into the agreement of May 23, 1893. Knappenberger accepted Gump's title as sufficient, and on that title guaranteed to Gump, his heirs and assigns the rights set forth in the agreement which were, as specifically provided in the contract, to run with the land.

2. George W. Gump sold and conveyed to Fairchild, by deed dated March 17, 1903, his title to, and right and interest in, the premises, with the appurtenances. Knappenberger had executed and delivered to Gump, almost ten years prior to this date, the agreement by which he granted to Gump, his heirs and assigns " that he and they may in the erection of any building on said lot No. 95 insert the beams and floor timbers thereof into the said wall now erected and hereafter to be completed by the said D. T. Knappenberger aforesaid, and use and enjoy the foundation and walls so erected and to be completed in common with him, the said D. T. Knappenberger, his heirs and assigns ; and that the same may there remain so long as the said wall shall stand." This covenant, as stated above, was, by the terms of the agreement, to run with the land. The agreement was recorded March 26, 1903, and the deeds to Fairchild from George W. Gump et al. were recorded four days thereafter. There was no evidence on the trial of the cause showing what, if any, knowledge Fairchild had of this agreement and its provisions prior to, or at, the time the title was conveyed to him. It is claimed by the appellant that the failure of the appellee to show affirmatively that he had notice of the agreement prior to the delivery to him of the deed by George W. Gump relieved appellant from the duty of notifying the appellee that the agreement was void for want of a consideration to support it. But we do not regard this position as tenable. By his deed to Fairchild, Gump conveyed all his right, title and interest in and to lot No. 95 which he owned at the date of the execution and delivery of the deed. As owner of the lot he had the right, under the agreement, to insert the beams and floor timbers of his building into the wall of the plaintiff on the adjacent lot. This right was granted by a

covenant on the part of the plaintiff which runs with the
land. This agreement was, at the date of the Fairchild deed,
in force and effect, and no steps had been taken by Knappen-
berger to avoid it by reason of the alleged failure of considera-
tion. The purchaser of Gump's title to the lot, therefore,
acquired a title to the premises and all rights appurtenant
thereto which were vested in him by the deed and the Knap-
penberger agreement. So far as the evidence in the case shows,
Fairchild may have known of the agreement when he pur-
chased; but be this as it may, his knowledge of its existence
and the rights thereby granted cannot, under the facts dis-
closed here, deprive him of the right to hold and enjoy the
title, rights and privileges which Gump had as the owner of
the lot and which he conveyed by deed to his purchaser. The
presumption is that Fairchild became possessed of what his
deed gave him, and until it is shown that he had knowledge of
the nullity of the agreement before he purchased from Gump,
Fairchild's right to the fruits of the covenant contained in the
agreement cannot be successfully assailed. The burden rests
upon Knappenberger to show that Gump's title is defective and
that Fairchild had notice of its invalidity when he purchased
the premises. Otherwise Fairchild must be held to be an in-
nocent purchaser without notice, and entitled to hold the rights
granted by Knappenberger to Gump in the agreement of May,
1893.

If, as the appellant now alleges, his wall is upon his own
ground and as a consequence the consideration for granting
Gump the right to insert beams and floor timbers into the wall
had failed and thereby the agreement became a nullity, he
should immediately on the discovery of these facts have taken
the necessary legal steps to have the agreement canceled and
redelivered to him. Had he pursued this course successfully,
Fairchild could not have been misled as to the extent of his
rights in purchasing the premises and this litigation would have
been avoided. The agreement was made by Knappenberger
and Gump in May, 1893. Within a few months thereafter,
Knappenberger says he knew that he had built the wall of his
house on his own ground and not on Gump's adjoining lot.
Notwithstanding his knowledge of this fact, he took no action
toward repudiating or rescinding the contract until nearly ten

years after he admits he knew the fact which he alleges invalidates it and after Fairchild had purchased the premises and was exercising the rights granted by the agreement. His duty to innocent purchasers, without notice from Gump required prompt repudiation of the agreement and, if necessary, the institution of legal proceedings for its cancelation. He wholly failed to observe his duty in this respect and is therefore not in a position, legal or equitable, to demand a rescission of the agreement as against Gump's vendee, unless he shows the latter had notice of its invalidity when he took title to the premises. This he has not done and, therefore, this action must fail.

The judgment is affirmed.